NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**CLAUDE PORTER,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

_____

2021-1510

_____

Petition for review of the Merit Systems Protection Board in No. DA-0841-19-0475-I-2.

_____

Decided:  August 31, 2021

_____

CLAUDE PORTER, Sunshine, LA, pro se.

KATRINA LEDERER, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by KATHERINE MICHELLE SMITH, TRISTAN L. LEAVITT.

_____

Before DYK, O'MALLEY, and HUGHES, *Circuit Judges.*

PER CURIAM.

The Merit Systems Protection Board dismissed the petition of Claude Porter for failure to prosecute his appeal from the Office of Personnel Management (OPM). We *affirm*.

## BACKGROUND

Mr. Porter was employed by the U.S. Postal Service during the 1990s. In June 2019, he applied for a deferred annuity under the Federal Employees Retirement System (FERS). In July of that year, OPM rejected his application, finding that he "d[id] not meet all of the necessary eligibility criteria" for a deferred annuity. Informal Opening Br. 42. In August 2019, Mr. Porter appealed OPM's decision to the Board.[1]

After he initiated the appeal of OPM's decision, Mr. Porter filed a motion to compel production of a document from OPM and then, according to the administrative judge, ceased all participation in his appeal. As a result, the administrative judge dismissed Mr. Porter's challenge for failure to prosecute, concluding that Mr. Porter "failed to exercise basic due diligence" after not continuing to

---

[1]    Before the Board, Mr. Porter also challenged several personnel actions taken by the Postal Service, including Mr. Porter's removal and suspension (among other items). The Board separately docketed Mr. Porter's challenges to the Postal Service's personnel actions. The Board dismissed the personnel action appeal as untimely filed, and Mr. Porter then sought review in this court. Mr. Porter, thereafter, moved to withdraw the petition for review, which this court granted. Order, *Porter v. Merit. Sys. Prot. Bd.*, No. 20-1345 (Fed. Cir. Dec. 22, 2020), ECF No. 14. Contrary to Mr. Porter's argument, we see no error in the Board's bifurcation of Mr. Porter's challenges into two cases.

participate in his appeal.  S.A. 3.  Mr. Porter did not seek review before the Board, and thus, the administrative judge's dismissal became the final decision of the Board.

Mr. Porter seeks review of that dismissal before this court.  We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

This court's review of the Board's decisions is statutorily limited.  We must affirm the Board's decision unless, on review, we conclude that it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantive evidence."  5 U.S.C. § 7703(c).

The sole issue on appeal is whether the Board's dismissal for failure to prosecute was proper.  The Board has the authority to dismiss a case for failure to prosecute.  5 C.F.R. § 1201.43(b) (2020) ("If a party fails to prosecute or defend an appeal, the judge may dismiss the appeal with prejudice or rule in favor of the appellant.").  As we have previously recognized, the repeated failure to respond to orders from the Board or otherwise participate in an appeal may justify dismissal for failure to prosecute.  *See, e.g.*, *Ahlberg v. Dep't of Health & Hum. Servs.*, 804 F.2d 1238, 1242–45 (Fed. Cir. 1986).

The record exhibits that, throughout his appeal, Mr. Porter "failed to respond to [the administrative judge's] orders in any way," S.A. 3, and did not participate in the conferences or the hearing ordered by the administrative judge.  For example, the administrative judge issued an order on June 25, 2020, setting a status conference, prehearing conference, and hearing.  The order also required Mr. Porter to file a prehearing submission.  The record shows that Mr. Porter failed to attend the status conference, failed to file the prehearing submission, and failed to

appear for the prehearing conference. Thereafter, the administrative judge granted Mr. Porter the ability to "file submissions showing good cause" for being absent from the conferences and missing the filing deadlines and emphasized that failing to appear for hearings or respond to the Board's orders could result in the dismissal of his appeal for failure to prosecute. *Id.* at 2. Mr. Porter did not respond to this order. After failing to attend the status and prehearing conferences (held via telephone conference), Mr. Porter also failed to appear for the final hearing on his OPM appeal.

On review to this court, Mr. Porter, for the first time, makes various claims, including that he attempted to file a prehearing submission; that he "was not able to participate in the telephonic status conference" on July 14, 2020, "because of COVID," Informal Opening Br. 31, ¶ 75; that he was not given "sufficient time to respond to" the administrative judge's hearing summaries, *id.* at 32, ¶ 83; that the administrative judge did not provide "sufficient time . . . for [him] to respond to the show cause [order]," *id.* at 35, ¶ 93; and that he, in fact, did call into the hearing held on August 5, 2020. Mr. Porter, however, did not make any record of these events before the Board to substantiate his claims and cannot raise them for the first time on appeal. Contrary to his arguments, the extent of Mr. Porter's participation in his appeal before the Board, based on the record, is that he filed a motion to compel the production of a document from OPM shortly after the Board docketed his appeal. Under these circumstances, the dismissal for failure to prosecute was not an abuse of discretion and was supported by substantial evidence.[2]

---

[2]    In his informal briefing, rather than focus his challenge solely on the Board's dismissal for failure to prosecute, Mr. Porter appears to raise numerous challenges to

## AFFIRMED

COSTS

No costs.

---

other actions of the Board, OPM, and the Postal Service. Those matters are not before us.